UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE WALTER LOWE,

        Petitioner,

v.                                  CASE NO. 2:10-cv-14348
                                   HONORABLE GERALD E. ROSEN

WARDEN RAYMOND BOOKER,

        Respondent.

_____/

**OPINION AND ORDER**
**GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,**
**DISMISSING THE HABEAS PETITION WITH PREJUDICE,**
**DECLINING TO GRANT A CERTIFICATE OF APPEALABILITY,**
**AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Theodore Walter Lowe has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. Also pending before the Court is respondent Raymond Booker's motion for summary judgment and dismissal of the habeas petition. The Court agrees with Respondent that the habeas petition is time-barred. Consequently, Respondent's motion is granted and the habeas petition is dismissed with prejudice.

**I. BACKGROUND**

In 2005, Petitioner was convicted of three counts of criminal sexual conduct (CSC) in the first degree and one count of CSC in the second degree. The trial court sentenced Petitioner to imprisonment for concurrent terms of twenty to forty years for each first-degree CSC conviction and ten to forty years for the second-degree CSC conviction. The Michigan Court of Appeals vacated Petitioner's second-degree CSC

conviction, but affirmed his convictions and sentence for first-degree CSC, and remanded the case for entry of an amended judgment of sentence consistent with its decision. *See People v. Lowe*, No. 263725 (Mich. Ct. App. Feb. 6, 2007). On June 26, 2007, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Lowe*, 478 Mich. 930 (2007) (table).

On June 20, 2008, Petitioner filed a motion for relief from judgment, which the trial court denied on July 30, 2008. The Michigan Court of Appeals subsequently denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Lowe,* No. 292342 (Mich. Ct. App. Aug. 31, 2009). On February 26, 2010, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Lowe,* 485 Mich. 1101 (2010) (table).

Petitioner signed and dated his habeas corpus petition on October 19, 2010. His claims allege ineffective assistance of counsel, abuse of discretion by the trial court, and prosecutorial misconduct. Respondent argues in his pending motion that the habeas petition is barred from substantive review by Petitioner's failure to comply with the one-year statute of limitations.

## II. DISCUSSION

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for a state prisoner to file a federal habeas corpus petition. *Wall v. Kholi,* __ U.S. __, __, 131 S. Ct. 1278, 1283 (2011) (citing 28 U.S.C. § 2244(d)(1)). The period of limitation runs from the latest of four specified dates. *Id.* These dates are:

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). "The limitation period is tolled, however, during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Wall v. Kholi*, 131 S. Ct. at 1283 (quoting 28 U.S.C. § 2244(d)(2)).

## B. Application

The statute of limitations began to run in this case when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

Petitioner did not seek a writ of certiorari in the Supreme Court. His convictions, therefore, became final on September 24, 2007, when the availability of a direct appeal to the Supreme Court expired due to the expiration of the ninety-day deadline for

3

seeking a writ of certiorari. *See* Sup. Ct. R. 13.1. The one-year statute of limitations began to run on the following day, and it continued to run for 269 days. The statute of limitations stopped running on June 20, 2008, when Petitioner filed his motion for relief from judgment. The statute of limitations was tolled for the entire time that the motion and subsequent appeals were pending in state court. *See* 28 U.S.C. § 2244(D)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (explaining that an application for state collateral review remains "pending" "until the application has achieved final resolution through the State's post-conviction procedures").

The statute of limitations resumed running on February 27, 2010, the day after the Michigan Supreme Court denied leave to appeal on state collateral review.[1] The statute stopped running 234 days later on October 19, 2010, when Petitioner signed and dated his federal habeas corpus petition.

To summarize, the statute of limitations ran a total of 503 days: 269 days from the date that Petitioner's convictions became final until he filed his motion for relief from judgment in the trial court and 234 days from the conclusion of state court review of his motion for relief from judgment until he filed his habeas corpus petition. Because the statute ran more than one year, the petition is untimely, absent equitable tolling.

---

[1] The filing of a petition for certiorari in the United States Supreme Court does not toll the statute of limitations under § 2244(d)(2). *Lawrence v. Florida*, 549 U.S. 327, 337 (2007).

### C. Equitable Tolling

The statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, __ U.S. __, __, 130 S. Ct. 2549, 2560 (2010). To be eligible for equitable tolling of the limitations period, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner has not alleged any basis for concluding that the statute of limitations should be equitably tolled, and even assuming that he pursued his rights diligently, it does not appear that some extraordinary circumstance stood in his way of filing a timely habeas petition. Nor has he made a credible claim of actual innocence supported by new and reliable evidence that was not presented at trial. Consequently, he is not entitled to equitable tolling on the basis of a claim of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Souter v. Jones*, 395 F.3d 577, 601-02 (6th Cir. 2005).

### III. CONCLUSION

Petitioner filed his habeas petition more than a year after his convictions became final, and he is not entitled to equitable tolling of the statute of limitations. Accordingly, Respondent's motion for summary judgment and dismissal of the petition [dkt. #12] is **GRANTED,** and the petition for writ of habeas corpus [dkt #1] is **DISMISSED** with prejudice for failure to comply with the one-year statute of limitations.

### IV. CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead,

5

[the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists would not debate the correctness of the Court's procedural ruling, nor conclude that the petition states a valid claim of the denial of a constitutional right. In fact, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.* The Court therefore declines to issue a certificate of appealability or leave to proceed *in forma pauperis* on appeal.

                                                s/Gerald E. Rosen
                                                Chief Judge, United States District Court

Dated: August 2, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 2, 2011, by electronic mail and upon Theodore Walter Lowe, #183140, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784 by ordinary mail.

                                    s/Ruth A. Gunther
                                    Case Manager